## In the Court of Common Pleas of Schuylkill County.

### HUGHES vs. GALLANS.

The contracts of an infant at Common Law cannot be enforced except for necessaries. When the infant represents himself of age, and thus obtains the credit, he becomes liable in an action on the case for damages.

**Motion for a new trial.**

Opinion delivered Feb'y 16, 1874, by

WALKER, J. The evidence in this case was that the defendant employed Patrick Christopher Hughes, a small boy to drive horses for him attached to his boat on the Schuylkill Navigation Canal, during the summer of 1871. The wages of the boy the defendant refused to pay, and suit the contract not being for necessaries furnished. The court upon the request of the defendant instructed the jury that if the defendant was a minor at the time the contract was made and the services were performed,

the plaintiff could not recover.

Was there error in this ?

No doubt this is a case of hardship—but the hardship of special cases has, it is said, run away with the law—and it has been found a dangerous expedient to fritter away a principle to sustain an exception.

The contracts of an infant at Common Law cannot be enforced except for necessaries. 1 Blackstone Com. 466, and notes by Judge Sharswood. Curtin vs. Patton, 11 S. & R. 305. Clemson vs. Bush, 3 Binney, 413. Penrose vs. Curren, 3 Rawle, 351. Sliver vs. Shelback, 1 Dallas, 165. Brown vs. McCune, 5 Sanford, 228. 1 vol. American Leading Cases, 307. 2 Vol. Smith's Leading Cases, 653—5th American ed. Norris vs. Vance, 3 Richardson, 164. Conroe vs. Birdsall, 1 Johns, 127. McGinn vs. Shaeffer, 7 Watts, 412.

And this is so, even though he represented himself to be of age. Burley vs. Russel, 10 New Hamp. 184. West vs. Moore, 14 Vermont 447. 1 Blackstone Com. 466. See Adams Equity, 362 and notes.

Legal incapacity cannot be removed by fraudulent misrepresentation, nor can there be an estoppal involved in the act to which the incapacity relates. Keen vs. Coleman—3 Wr. 299.

Infants are liable for their torts. Bullock vs. Babcock, 3 Wend. 391. Vasse vs. Smith, 6 Cranch, 226. But not when the contract is stated as an incident of a supposed tort. Wilt vs. Welsh, 6 Watts 9, Keen vs. Hartman, et ux. 12 Wr. 497.

Infants are liable for necessaries. Rundel vs. Keeler, 7 Watts, 237. Com. vs. Hantz, 2 Pa. Rep. 333. 1 American Leading Cases, 300—to 303 and notes.

The term necessaries is a relative one—and what are necessaries, must be determined by *the age, fortune, condition and rank in life of the infant*—1 Black. Com. 466 and note 14. ( Sharswood's ed. )

Moneys loaned for repairs are not necessaries. West vs. Gregg, 1 Grant, 53 And there may be no recovery for necessaries—when the infant has a guardian. Guthrie vs. Murphy, 4 Watts, 80. Wailing vs. Toll, 9 Johns, 141. Angel vs. McLellen, 16 Mass. 28.

And in an over supply a tradesman acts at his peril. Johnson vs. Lines, 6 W. & S. 80.

Whether the person be a minor or not is a question for the jury. 1 Black. Com. 466 and notes—1. M. & S. 738.

And in doubtful cases it is better to admit the evidence and judge of its effect afterwards. Allen vs. McMaster, 3 Watts, 181.

Though an infant therefore be not liable for his contract he is nevertheless answerable in an action on the case for damages. Fitts vs. Hall, 9 New Hamp. 441. Wallace vs. Morss, 5 Hill, 391.

The rule is therefore discharged.