No. 8126.

## PEARCY ET AL. *v.* HENLEY.

MARRIED WOMAN.—*Lease.—Rents.—Promissory Note.—Heir.—Statute Construed.*—A parol lease for three years, by a married woman, of her lands, is not a conveyance or encumbrance of her lands, within the meaning of section 5116, R. S. 1881, and such lease is valid. In such case, if a promissory note be given for the rent and assigned by her during her lifetime, her heir can not recover rents accruing upon the lease after her death.

From the Morgan Circuit Court.

*G. W. Grubbs* and *M. H. Parks,* for appellants.

*W. R. Harrison* and *W. E. McCord,* for appellee.

WORDEN, C. J.—Action by the appellee against the appellants to recover rent for certain real estate. The following are the facts found specially by the court, and the conclusion of law thereon:

" 1st. That Sarah J. Dougherty was the owner, in her life-time, of the following described lands in said county : " (Here the lands are described.)

" 2d. That, during her lifetime, her husband, Thomas Dougherty, leased and rented said lands, together with other lands, with the knowledge, concurrence and assent of said Sarah, to said Pearcy and Pearcy, for the years 1875, 1876 and 1877, for $700 per year, payable the 1st of January, 1876, 1877 and 1878, and that said Pearcys executed their notes therefor, and took possession of and cultivated said land under said lease.

" 3d. That the first and second of said notes were paid by said Pearcys, at the maturity thereof, and during the lifetime of said Sarah Dougherty.

"4th. That said Sarah Dougherty died at said county, on the 15th day of January, 1877, and after the beginning of the third rental year of 1877, and left, surviving her, her husband, Thomas Dougherty, who was entitled to one-third of said lands, and one child, the plaintiff herein, who was entitled to the remaining two-thirds of said lands.

" 5th. That said note for the rents of the year 1877, exe-cuted to Thomas Dougherty, was, before the death of said Sarah Dougherty, and with her knowledge and assent, assigned to one James Lake for value, and was by him so held before the death and at the time of the death of said Sarah Dough-erty, of which she had knowledge at the time.

" 6th. That on March 19th, 1877, the plaintiff notified the defendants that she was the owner of the undivided two-thirds of said lands, and demanded that the rents thereof for the year 1877 should be paid to her, and also that possession should be rendered to her.

"7th. That the rental value of the undivided two-thirds of the lands in cultivation during the year 1877 was the sum of $225.

" And the court finds as a conclusion of law arising from the facts, that the plaintiff is entitled to recover of the defendants

the said sum of $225." Exception, judgment for plaintiff, and appeal by defendants.

If the lease was valid, the plaintiff was not entitled to recover, the defendants having given their note for the rent for the year 1877, which, with the knowledge and assent of the plaintiff's ancestor, had been transferred for value to Lake.

The question arises, therefore, whether, under the law as it stood at the date of the lease in question, a married woman could, with the assent of her husband, make a valid parol lease of her real estate for a term not exceeding three years.

The lease in question is found to have been made by the husband, but with the knowledge, concurrence and assent of the wife. It must be deemed, therefore, to have been made by the husband and wife.

The statutory provisions bearing upon the question are the following: The fifth section of the act touching the marriage relation (1 R. S. 1876, p. 550 ), which is as follows:

" No lands of any married woman, shall be liable for the debts of her husband; but such lands and the profits therefrom, shall be her separate property, as fully as if she was unmarried: *Provided,* That such wife shall have no power to encumber or convey such lands, except by deed, in which her husband shall join."

The fourth section of the act concerning real property and the alienation thereof (1 R. S. 1876, p. 361), reading as follows:

" Conveyances of lands, or of any interest therein, shall be, by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney; except *bona fide* leases for a term not exceeding three years."

It may be observed, in passing; that a later statute dispenses with the necessity of any seal to the instrument. See the case of *The American Ins. Co., etc.,* v. *Avery,* 60 Ind. 566.

" Leases not exceeding the term of three years," are excepted from the operation of the first section of the statute of frauds. 1 R. S. 1876, p. 503.

These statutes were passed at the same session of the Legislature, and should be construed together, so that all may have force, if this can be done consistently with the language used.

It is abundantly clear that the Legislature intended that parol leases generally, for terms not exceeding three years, should be valid.

The lands of a married woman, and the rents and profits therefrom, are her separate property as fully as if she were unmarried.

To realize rents, lands must be let; and it seems to us that a lease for a term not exceeding three years is not an encumbrance or conveyance within the meaning of the act touching the marriage relation, construed in connection with the other statutes above noticed.

When the Legislature provided that a married woman should have no power to encumber or convey her lands, except by deed in which her husband should join, they did not intend to make a written lease necessary which would not be necessary in other cases.

We are of opinion that the lease was valid, and that the court erred in concluding that the plaintiff was entitled to recover.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to render judgment for the defendants on the special findings.