No. 9036.

NASH ET AL. *v.* BERKMEIR.

LANDLORD AND TENANT.—*Married Woman.—Separate Lease of Her Land.—Contract.—*A wife's parol lease of her land for the term of five years, made without the husband's concurrence, may be enforced in respect to the

terms for the payment of rent against the lessee holding possession under
the lease.

SAME.—*Statute of Frauds.—Leases.*—Under the statute of frauds, a parol
lease of land for a longer time than three years is not void, and the lessee
who has taken and holds possession under such lease must pay rent ac-
cording to its terms, the tenancy being from year to year, but in other
respects governed by the agreement.

From the Switzerland Circuit Court.

*W. D. Ward* and *T. Livings*, for appellants.

*J. D. Works* and *J. A. Works*, for appellee.

WOODS, J.—The appellants, as husband and wife, sued the
appellee for money alleged to be due the wife as rent for land
held under a lease made by her to the appellee for a term of
five years, at an annual rental payable on the 1st day of Feb-
ruary each year, it being alleged in one paragraph of the com-
plaint that the lease was by parol, and in another paragraph
that it was in writing, and a copy is filed with the paragraph.

To each paragraph the appellee answered that at the time
of making the lease the lessor was a married woman, and that
her husband did not join in the making of the contract. Upon
demurrer for want of facts the court held these answers good.

The question presented for decision is whether or not the
lessee under such lease, who has taken and is holding undis-
puted possession of the property, may repudiate the contract
under which he obtained possession, and, holding as a tenant
for years, be liable to pay rent only at the end of the year, and
then only in a reasonable sum, as if there had been no special
contract. The holding of the court below was in the affirm-
ative; but we do not concur in that view.

Counsel for the appellee claim that the lease was void be-
cause not in writing, as required by the statute of frauds, and
because made by a married woman, her husband not joining.

In *Sanborn* v. *French*, 2 Foster, 246, it was said: "As a
general rule, the separate deed of the wife is held to be void;
and, except in the case of a lease, is incapable of being con-
firmed by the wife after the husband's death." Granting that

such a lease, so far as affected by the disability of coverture, might be confirmed after the husband's death, there would seem to be no good reason why there may not be a confirmation by the joint act of the wife and husband, when the contract is such as might have been made by their joint act.

This court has recently held that a wife may, without the consent or participation of her husband, make leases of her land for periods not longer than three years—such lease not being an encumbrance or conveyance within the meaning of the statute, which denies her "power to encumber or convey such lands, except by deed, in which her husband shall join." *Pearcy* v. *Henley*, 82 Ind. 129.

The statute of frauds also forbids the making of leases of land for more than three years, unless in writing; but such lease is not, by reason of that statute, void, and, if possession be taken and held under it, the rights of the parties, except that the holding is from year to year, will be governed by the terms of the contract. *Railsback* v. *Walke*, 81 Ind. 409; *People* v. *Rickert*, 8 Cow. 226; *Tress* v. *Savage*, 4 Ellis & B. 36, and cases cited. The case of *Schmitz* v. *Lauferty*, 29 Ind. 400, decides nothing to the contrary of the foregoing.

So, too, if money has been paid upon a parol bargain, within the statute of frauds, for the purchase of real estate, and the seller is willing and able to convey, the purchaser can not, by repudiating the contract, acquire the right to reclaim the money which he has paid. *Day* v. *Wilson, ante,* p. 463, and authorities cited.

By a plain analogy to these decisions, and in harmony with the just and equitable principles which underlie them, it must be held that so long as the appellee retains the possession which he obtained under and in consequence of the lease in question, he must pay rent according to its terms. Further than this the case does not require us to go; to stop short would be to convert the law into an instrument of fraud.

Judgment reversed, with instructions to sustain the demurrer to the answers.