Plaut *et al. v.* Storey.

No. 15,693.

## PLAUT ET AL. *v.* STOREY.

CHATTEL MORTGAGE.—*Given to Save Surety on Note Harmless.—Right of Payee of Note to Foreclose.—Trustee.—Who May Plead.—Disability of Married Woman.*—The owner of personal property mortgaged it to his wife, the consideration being that she had become liable to pay certain notes executed by him; and it contained a condition that if he should pay the notes and hold her "harmless and exempt from paying the same, or any part thereof, then" the mortgage to be void, otherwise to remain in force.

*Held,* that the lien of the mortgage attached to the property in the nature of a trust, so remained until the notes were paid, and that the payee or owner of the notes could maintain an action to foreclose the mortgage.

*Held,* also, that her coverture could not be set up as a defence by those claiming a lien on said property which was subsequent to the lien of the mortgage, on the ground that there was no consideration for her assuming the payment of the notes for the reason that a married woman could not become surety.

*Held,* further, that a contract of suretyship by a married woman can only be avoided by her or by those in privity of blood with or in representation of her.

TRUSTEE.—*Beneficiary's Notice of Creation of Trust Fund.*—It is not necessary that the beneficiary of a trust should have requested or have knowledge of the creation of the fund to enable him to maintain a suit therefor.

From the Bartholomew Circuit Court.

*G. W. Cooper, C. B. Cooper* and *J. W. Baird,* for appellants.

*S. Stansifer* and *C. S. Baker,* for appellee.

MILLER, J.—On the 12th day of December, 1888, James H. Arnold executed a chattel mortgage on a stock of goods to Anna C. Arnold to secure the payment of four promissory notes executed by him to her, and containing in addition the following provision:

"Whereas, the said James H. Arnold is indebted to one John V. Storey in the sum of $655, with interest thereon, evidenced by two promissory notes, one dated January 1st, 1888, for $530, due one year after date, and one for $125,

dated 1888, due one day after date; and whereas, the said Anna C. Arnold has become responsible for the payment of said notes when due: Now, therefore, if the said James H. Arnold shall pay said first four notes when due, with interest, and shall pay the two promissory notes to John V. Storey and hold the said Anna C. Arnold harmless and exempt from paying the same, or any part thereof, then this instrument to be void, otherwise to remain in force."

This action was brought by the appellee for the foreclosure of the mortgage. The complaint makes James H. Arnold, the mortgagor, Anna C. Arnold, the mortgagee, the appellants, and the sheriff of the county, defendants.

The complaint, in addition to the usual averments in such actions, contains the following:

" That said mortgage was duly acknowledged and recorded in the recorder's office of Bartholomew county on the 12th day of December, 1888, and accepted by said plaintiff; that plaintiff's said notes were the first to become due of those secured by said mortgage, and said mortgage thereby became and was a first lien on said property in favor of said plaintiff; and, further, by the terms of said mortgage the defendant Anna C. Arnold assumed and became liable for the payment of plaintiff's said notes."

It was also averred that after the execution of the mortgage the appellee caused the mortgaged property to be seized by the sheriff in certain attachment proceedings against the defendant, James H. Arnold. The prayer was for a foreclosure, and that the mortgage be declared a lien prior and superior to the attachment, and for a personal judgment against James H. and Anna C. Arnold.

The appellants demurred to the complaint. Their demurrer was overruled, and exceptions taken. This ruling is assigned as error in this court.

The appellants claim that the mortgage was given only to secure Anna C. Arnold against loss by reason of her supposed liability to pay the debt to the appellee; that it was

intended to indemnify her against loss, and not for the use or benefit of the appellee.

The appellee insists that, treating the mortgage as a mere indemnity, it inured to the benefit of Storey. Also, that the contract was more than a mere indemnity; that it also contains an agreement to pay the debt.

Stripped of extraneous matter the contract, as evidenced by the mortgage, shows that James H. Arnold was indebted to the appellee, and by some arrangement between James H. and Anna C., she became liable, in some secondary capacity, to pay this debt to the appellee, Storey, and that the mortgage was executed to be void if James H. "shall pay the two promissory notes to John V. Storey, and hold the said Anna C. Arnold harmless and exempt from paying the same, or any part thereof."

This is not, in terms, such an agreement as that set forth in the cases of *Loehr* v. *Colborn*, 92 Ind. 24, *Bodkin* v. *Merit*, 86 Ind. 560, *Sperry* v. *Dickinson*, 82 Ind. 132, *Gunel* v. *Cue*, 72 Ind. 34, where the promise was that "the mortgagors expressly agree to pay said sum above secured;" but it is not essential to the validity of the promise that it should be contained in these or similar words.

The language used is much like that contained in the mortgage in *Eastman* v. *Foster*, 8 Met. 19, where it was provided that if the said mortgagors "shall pay said notes, and every way indemnify and save harmless the said Solomon K. from all trouble and expense, then this deed to be void; otherwise in power." In that case it was held that the mortgage to the surety created a trust and an equitable lien for the holders of the notes; that such lien attached to the property in the nature of a trust, and would so remain until the debts were paid.

A concise statement of the law upon this subject is contained in Brandt Suretyship (2d ed.), section 324, as follows:

"As a general rule, where a surety, or a person standing

in the situation of a surety, for the payment of a debt, receives a security for his indemnity, and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security ; and it makes no difference that such principal creditor did not act upon the credit of such security in the first instance, or even know of its existence. The authorities place the principle upon the ground that, as the security is a trust created for the better securing of the debt, it attaches to it, and hence it is that it may be made available by the creditor, although unknown to him.   The right of the creditor is the same when the security is a mortgage or other lien given the security by the principal after the principal and surety have both become bound, even though there may have been no previous agreement that indemnity should be given.   To entitle the creditor to enforce this right in equity, it is not necessary that he should have exhausted his remedies at law, or have reduced his debt to judgment.   A mortgage given by the principal maker of a promissory note to his surety on the note, conditioned that the principal will pay the note and save the surety harmless, creates a trust and lien which subsist after the creditor's claim on the surety for the payment of the note is barred at law by the statute of limitations, and the fee of the mortgaged property has by foreclosure become vested in the surety. The trust which inures to the benefit of the creditor subsists till the debt is paid, and may be enforced against anyone who takes the property with notice.   After a trust of this kind has been created, it can not usually be defeated without the consent of all parties in interest, unless it be by a conveyance to a *bona fide* purchaser without notice."

We do not regard the presence in the mortgage of a promise to pay the debt as of any particular importance, where, as in this case, the action is brought by the creditor against the principal debtor, after the maturity of the debt.   In a suit brought by an indemnified surety, who has not paid the debt

or been otherwise damnified, it is of course necessary to a recovery. The cases of *Gunel* v. *Cue, supra,* and *Bodkin* v. *Merit, supra,* are of this class.

In discussing this question in the case of *Aldrich* v. *Blake,* 134 Mass. 582, the court said:

"A mortgage made by a principal to a surety, to secure the payment of a note, is not to be regarded in equity simply as an indemnity to the surety. It is not important whether it is in form to pay the debt or to indemnify the surety. Where its object is to provide for the payment of debts, or to enable the surety to do so, he is constituted a trustee for the creditors whose debts are enumerated in the condition.

In *Hampton* v. *Phipps,* 108 U. S. 260, this language was used:

"The implication is, that a pledge made expressly to one is in trust for another, because the relation between the parties is such that that construction of the transaction best effectuates the express purpose for which it was made."

We are of the opinion that the court did not err in overruling the demurrer to the complaint.

The action of the court in sustaining the demurrer to the second paragraph of answer is assigned as error.

The answer is as follows:

" And for amended second paragraph of separate answer to plaintiff's complaint these defendants say: That at the time it is charged that the said Anna C. Arnold assumed the payment of plaintiff's notes, and at the time of the execution of said mortgage, the said Anna C. Arnold was and still is the wife of her co-defendant James H. Arnold, and the notes made by said James H. Arnold to his said wife were, and are, wholly without consideration, and said mortgage was executed to his said wife in pursuance of an agreement between the said Arnolds for the purpose of cheating, hindering and delaying the creditors of said James H. Arnold, and said mortgage was executed without the knowledge, request or con-

sent of said Storey, plaintiff herein, and the same never was delivered to him nor in any other manner executed, except by being placed upon record in the recorder's office of Bartholomew county, Indiana.

Wherefore the said mortgage as to these defendants is without consideration, fraudulent and void."

Appellants' counsel contend that the only consideration for the execution of the mortgage was the assumption by the wife of James H. Arnold of his debt to Storey, and that, a married woman being forbidden by statute, section 5119, R. S. 1881, to enter into any contract of suretyship, such contract was void, and the mortgage without any consideration to support it.

By the express terms of the statute, it is declared that "such contract, *as to her*, shall be *void.*"

In construing this act this court in *Bennett* v. *Mattingly,* 110 Ind. 197, held that such contracts are voidable, not void, and that they could be avoided only by such married woman, being as to third parties valid contracts. In that case it was held that the inhibition contained in the statute could not be invoked by a purchaser of the land upon which the mortgage executed for the debt of her husband rested.

In *Johnson* v. *Jouchert,* 124 Ind. 105, it was held that only the person upon whom the disability rested or those in privity of blood or in representation could avoid such contract. In that case, also, it was held that a purchaser who took title from the mortgagors could not plead the coverture of their grantor to avoid the encumbrance.

In the case before us the appellants, who seek to defeat the operation of the mortgage, are neither privies in blood, estate or representation of Anna C. Arnold, but are attaching creditors of her husband. They are, therefore, in no condition to avail themselves of the protection afforded her by the statute. It does not appear from the record but that she is entirely content with her contract.

The allegation in the answer that the mortgage was exe-

cuted in fraud of the creditors of James H. Arnold, does not, as against the appellee, strengthen the position of the appellants. It is not disputed but that the indebtedness of James H. Arnold to the appellee is *bona fide*, nor claimed that the appellee was a party to or had any knowledge of the fraud. We are of the opinion that the appellee does not claim through or under the mortgagee in any such sense as to be affected by the frauds or secret equities between her and her husband.

An indemnified surety stands much in the position of a trustee holding a fund for the payment of the debt, whose misdeeds can not impair the rights of the beneficiary.

Neither was it necessary that the appellee should have knowledge of or have requested the mortgage to have been executed. *Carter* v. *Taylor*, 9 Paige, 492. The complaint shows that before action was brought the appellee accepted the provision made for his benefit. Not being a party to the instrument, it was not necessary to deliver the mortgage to him—an acceptance of its provisions was all that was necessary on his part.

We are satisfied that the action of the court in sustaining the demurrer to the second paragraph of answer was not erroneous.

What we have said disposes of the questions of law raised upon the action of the court in overruling the motion for a new trial, and it would be useless to prolong this opinion by discussing them in detail.

Judgment affirmed.

Filed April 1, 1892.