## DEDERICK ET AL. *v.* BRANDT.

[No. 1,765.   Filed October 20, 1896.]

SHERIFF.—*Power of.*—*Replevin.*—The power of a sheriff, or his deputy, to seize property by virtue of a writ of replevin issued from the circuit court of his county is confined to property in his own county.

REPLEVIN.—*As Against a Trespasser.*—Possession of personal property is sufficient to authorize the possessor to maintain replevin against a mere trespasser.

EVIDENCE.—*Pleading and Proof.—Variance.*—Evidence of title in a corporation is not sufficient to sustain a claim of ownership by one who is a member of the corporation.

APPEAL AND ERROR.—*Objection to Form of Judgment Must be Made in Trial Court.*—When no exception was taken to the form of judgment in the court below, and no motion made to modify, the question can not be raised on appeal.

From the Jasper Circuit Court.   *Affirmed.*

*Thomas J. Wood,* for appellants.

*Ralph W. Marshall,* for appellee.

GAVIN, J.—Appellee sued appellant Sollars, seeking to recover possession of a haypress. Sollars justified his possession as holding for and under the sheriff of Lake county, who had taken the press from appellee by virtue of a writ of replevin. Dederick was made a party defendant upon his own motion and answered

Dederick *et al. v.* Brandt.

also that he owned the property and was entitled to hold it. The questions presented are raised by the motion for new trial.

While the evidence is conflicting, there is abundant to justify the court in holding that the press was taken from appellee's farm in his absence and against his direction, by the deputy sheriff under and by virtue of the writ of replevin he then held. This writ was issued from the Lake Circuit Court, directed to the sheriff of that county, in a case wherein appellant Peter K. Dederick, was plaintiff, and Parmlee & Brown were defendants, the appellee not being a party thereto. The property was seized by the deputy Sheriff of Lake county in Newton county. Appellee had been in possession of the goods as purchaser thereof for two years. This taking was clearly unlawful. The sheriff's powers were limited to his own county.

The appellee's possession was sufficient to authorize him to protect that possession against a mere trespasser. Cobbey Repl., section 93; *Hunt* v. *Chambers*, 21 N. J. L. 622; Wells Repl., section 109; *Moorman* v. *Quick*, 20 Ind. 67.

There was also ample evidence to justify a finding that the appellant, Peter K. Dederick, was not the owner of the press. Evidence of title in the Peter K. Dederick Manufacturing Company would not sustain a claim of ownership by him. The members and the corporation have separate legal personalities. *Cutshaw* v. *Fargo*, 8 Ind. App. 691. No exception was taken to the form of the judgment nor was there any motion to modify the same. Consequently there can be no question raised here concerning it. *Cockrum* v. *West*, 122 Ind. 372; Elliott's App. Proced., sections 345, 350.

Judgment affirmed.