Heal *et al. v.* The Niagara Oil Company *et al.*

HEAL ET AL. *v.* THE NIAGARA OIL COMPANY ET AL.

[No. 18,564.    Filed May 18, 1898.]

JUDGMENT.—*Modification.—Review.*—Where there was no objection to the form of a decree, and no motion or other steps taken to modify it, no question thereon is presented for review on appeal. *p.483.*

LANDLORD AND TENANT.—*Lease by Married Woman.—Natural Gas and Oil Lease.*—A lease by a married woman of her lands to a gas and oil company for the purpose of operating thereon gas and oil wells is not an encumbrance or conveyance thereof within the meaning of section 6961, Burns' R. S. 1894, prohibiting a married woman from encumbering or conveying her lands without her husband joining in the execution thereof. *pp. 484-487.*

From the Wells Circuit Court.    *Affirmed.*

*Levi Mock, John Mock, George Mock* and *P. B. Manley,* for appellants.

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellees.

HACKNEY, J.—The appellants sued to enjoin the appellees from operating or attempting to operate for oil or gas upon six several tracts of land. The trial court, by general decree, denied the injunction. Upon the trial appellees expressly disclaimed any interest in four of such tracts, and insisted only upon their right to operate upon two of the tracts, that known as the Schultz land, and that known as the Swan land.

One insistence of appellants is that the decree was wrong as to the four tracts other than those of Schultz and Swan. There was no objection to the form or scope of the decree, and no motion or other step was taken to correct or modify it. There is, therefore, no question properly presented for review upon this branch of the case. *Berkey, etc., Co.* v. *Hascall,* 123 Ind. 502, 8 L. R. A. 65; *Wood* v. *Hughes,* 138 Ind. 179; *Tewksbury* v. *Howard,* 138 Ind. 103; *Chicago, etc., R. W. Co.* v. *Eggers,* 147 Ind. 299.

We do not understand, as appellants' counsel do, that appellees contend against the right to raise any question because of the failure to move for a modification of the decree.

The rights in dispute, as to the two tracts specially named, depend upon leases, by the owners to the parties, appellants and appellees, respectively.

The lease by Rosa L. Swan to the appellees bears date April 27, 1893, was for one year from May 17, 1893, with the following condition:

"If no well be completed * * * within six months from the date hereof, then this lease shall become null and void unless the lessee shall thereafter pay for further delay at the rate of eighty dollars per year, until a well shall be completed." At the time of the execution of the lease, Mrs. Swan was a married woman, and her husband did not join. Afterwards, on November 4, 1894, Mrs. Swan, then a widow, received from the appellees eighty dollars "for rental on the lease," with a stipulation in the receipt that "This renews to November 17, 1895." On the first day of August, 1895, Mrs. Swan executed to the appellants a similar lease of the same lands so leased to the appellees, the appellants at the time having actual and constructive knowledge of the lease to the appellees, and actual knowledge of the payment of said sum to Mrs. Swan by the appellees upon the lease, and accepting this lease, and paying a consideration therefor, with the understanding that if the appellees' lease should not prove invalid, said consideration should be repaid.

There is much controversy as to whether the appellees were guilty of such failure to operate for gas or oil as had created a forfeiture of the lease at the time appellants' lease was executed, and authorities are cited as to the construction and character of such

leases with reference to an early and continued prosecution of the work of discovery, but, it seems to us, there is no rule which forbids the parties contracting as to such delays as they may desire, and, aside from the power of Mrs. Swan to contract at all, there is no doubt, upon the face of the transaction, that they contracted for delay until November 17, 1895. Appellants insist, however, that the lease by Mrs. Swan alone to the appellees was void, and that the subsequent receipt of the rental did not ratify the lease. Opposing this view, appellees assert the single proposition that appellants may not assert the coverture of Mrs. Swan to defeat the first lease, and they cite *Bennett* v. *Mattingly*, 110 Ind. 197; *Johnson* v. *Jouchert*, 124 Ind. 105, 8 L. R. A. 795, and *Plaut* v. *Storey*, 131 Ind. 46. These cases hold that as to contracts voidable on account of coverture, parties in privity of estate merely may not assert such coverture, but that such privilege may only be exercised by persons in privity of blood or representation.

In the cases of *Bennett* v. *Mattingly* and *Johnson* v. *Jouchert*, it was held that as to void contracts a different rule applies. Here, it is urged by appellants, the lease was void by reason of the absolute denial of power to a married woman "to encumber or convey" her lands "except by deed in which her husband shall join." Section 6961, Burns' R. S. 1894 (5116, Horner's R. S. 1897); *Luntz* v. *Greve*, 102 Ind. 173; *Kinnaman* v. *Pyle*, 44 Ind. 275.

Does the lease in question fall within this express denial of power? The ordinary lease of agricultural lands, for the purpose of cultivation, although carrying an interest in the lands, has been held not to fall within the inhibition of the statute cited. *Pearcy* v. *Henley*, 82 Ind. 129; *Nash* v. *Berkmeir*, 83 Ind. 536. See, also, *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200, 51 Am. Rep. 749.

In the first of these cases it was said: "The lands of a married woman, and the rents and profits therefrom, are her separate property as fully as if she were unmarried. To realize rents, lands must be let; and it seems to us that a lease for a term not exceeding three years is not an encumbrance or conveyance within the meaning of the act touching the marriage relation, construed in connection with the other statutes above noticed. When the legislature provided that a married woman should have no power to encumber or convey her lands, except by deed, in which her husband should join, they did not intend to make a written lease necessary which would not be necessary in other cases."

In *Nash* v. *Berkmeir, supra,* it was held that the joining of the husband in a lease of the wife's land was not essential to the validity of the lease. It was held, also, on the authority of *Sanborn* v. *French,* 2 Foster 246, that a lease in which the husband did not join, unlike a deed of conveyance, may be confirmed after the husband's death. See, also, *Eliott* v. *Gower,* 12 R. I. 79, 34 Am. Rep. 600; *McKesson* v. *Stanton,* 50 Wis. 297, 36 Am. Rep. 850, 6 N. W. 881; *Krouskop* v. *Shontz,* 51 Wis. 204, 8 N. W. 241, 37 Am. Rep. 817; *Williams* v. *Urmston,* 35 Ohio St. 296, 35 Am. Rep. 611.

Leases of the character of the present differ from the ordinary agricultural lease, in that the former may carry a substantial and enduring interest in the freehold, while the latter vests but a transient and temporary interest, that of raising and removing crops. The former, however, in their primary effect, part with no immediate title or estate, and carry but right of exploration, any title or estate which may be contemplated remaining inchoate and of no effect until the oil or gas is found. *Venture Oil Co.* v. *Fretts,* 152 Pa. St. 451, 25 Atl. 732. For the purpose of pros-

pecting, such leases involve a mere use, and part with no greater interest in the freehold than the ordinary agricultural lease. We have here no question of the effect of the instrument of Mrs. Swan to carry a freehold estate, the question being as to the validity of the lease to the appellees in vesting the exclusive right of prospecting or operating for gas and oil. For such purpose we do not doubt the power of Mrs. Swan to lease without her husband joining.

The facts as to the lease by Mrs. Swan to the appellees, the payment of the rental, according to the evidence the most favorable view for the appellees, the knowledge of appellees' lease and such payment, may all be said to be true as to the leases by Schultz and wife. The extension of this lease is even more clear than as to the former, as the parties met and agreed upon the location for a well but a few days before the lease to the appellants.

We do not consider the question as to how the equities of the appellants may be affected, when appealing to a court of equity, by the fact of having taken leases with a full knowledge of outstanding leases, executed in good faith, and upon a valuable consideration, and in the taking of which litigation was contemplated without restoring the consideration paid for the first leases or their extension.

Other merely incidental questions have been discussed, but as they are necessarily involved in the questions decided, or depend upon the weight of the evidence, we do not pass upon them. The judgment is affirmed.