Lackey v. Boruff.

---

## LACKEY v. BORUFF ET AL.

[No. 18,613. Filed April 4, 1899.]

HUSBAND AND WIFE.—*Principal and Surety.—Bills and Notes.—Married Women.*—A note executed by a husband and wife in renewal of a note for money loaned the wife and used by the husband, executed prior to the act of 1881 (sections 6960–6970 Burns 1894), enlarging the rights of married women, is a valid and binding obligation of the husband, although void as to the wife, whether he executed the same as principal or only as surety for his wife. *pp. 372-375.*

PRINCIPAL AND SURETY.—*Bills and Notes.*—The relation of suretyship is fixed by the arrangement and equities between the debtors, and is determined by inquiring who received the consideration of the contract, or who, according to the arrangements between the parties, ought to pay the debt. *p. 376.*

SAME.—*Husband and Wife.—Bills and Notes.*—Where a husband and wife executed a note for money loaned the wife, and used by the husband, the husband is the principal, and the wife the surety. *p. 376.*

SAME.—*Bills and Notes.—Consideration.—Husband and Wife*—A note signed by a wife with her husband in renewal of a note for money

loaned the wife and used by the husband, executed prior to the act of 1881 (sections 6960-6970, Burns 1894) enlarging the rights of married women, is not without consideration as to the wife, although the original note was void as to her, as the consideration moving to the husband was sufficient to support said note against all who executed the note with him.  *pp. 376, 377.*

BILLS AND NOTES.—*Consideration.—Mortgages.*—The consideration sustaining a note is sufficient to sustain a mortgage securing the same which was executed contemporaneously with the note, and as a part of the same transaction.  *p. 377.*

PRINCIPAL AND SURETY.—*Married Women.—Contracts of Suretyship. —How Avoided.*—Contracts of suretyship entered into by a married woman are voidable, not void, and can only be avoided by such married woman and her privies in blood, representation, or estate. *pp. 377, 378.*

SAME.—*Husband and Wife.— Married Women.—Contracts of Suretyship.—Bills and Notes.*—A husband and wife executed a note prior to the passage of the act of 1881 enlarging the rights of married women, for money loaned the wife, and used by the husband.  The note was renewed in 1881, and again in 1896, and secured by a mortgage on the wife's separate real estate.  Plaintiffs, judgment creditors of the wife, brought suit to set aside the mortgage as fraudulent.  *Held,* that the original note was void as to the wife, but valid as to the husband; that in the execution of the renewal note and mortgage the contract as to the wife was one of suretyship; that the note was not without consideration as to her, since the consideration moving to the husband was sufficient to support the note against the surety; that while the note and mortgage might be voidable as to such surety on the ground of coverture, it was valid as to plaintiffs.  *pp. 372-378.*

From the Lawrence Circuit Court.  *Reversed.*

*E. K. Dye* and *Emerson Short,* for appellant.

*James E. Boruff, Newton Crooke* and *McHenry Owen,* for appellees.

MONKS, C. J.—This action was brought by appellees Boruff, Crooke, and Owen, against their co-appellees and appellant to set aside a fraudulent conveyance of real estate by appellees Wesley S. and Clementine Armstrong to appellee Opal Armstrong, and a mortgage executed by the same parties to appellant.

Lackey *v.* Boruff.

Appellees Wesley S., Clementine and Opal Armstrong, defendants in the court below, were defaulted. The cause was tried by the court, a special finding of the facts made, and conclusions of law stated thereon against appellant, to each of which she excepted, and final judgment rendered setting aside her mortgage and the deed to Opal Armstrong, and that the real estate be sold free from the lien of said mortgage, to pay the judgment in favor of the plaintiffs below, mentioned in their complaint. The errors assigned call in question each conclusion of law.

The special finding, so far as necessary to determine the questions presented, is substantially as follows: In May, 1897, appellees Crooke and Owens recovered judgment in the Lawrence Circuit Court against appellee Clementine Armstrong for $300, and on the same day appellee Boruff also recovered judgment against her for $500. The debts for which said judgments were rendered were incurred by said Clementine in 1893. That on and prior to February, 1896, said Clementine was the owner in fee simple of the real estate described in the complaint. Appellant loaned Clementine Armstrong $325 in 1869 and $200 in 1879, for which said Clementine and her husband Wesley S. Armstrong, executed their notes drawing interest at the rate of ten per cent. per annum. Said notes were renewed in 1881 by the Armstrongs and the original notes taken up. On March 30, 1896, said Armstrongs executed a note to appellant for $2,000 in renewal of the principal and interest of said notes, which were the only consideration therefor; and for the purpose of securing the last mentioned note executed a mortgage on the real estate in controversy to appellant, which mortgage was duly recorded April 9, 1896. On October 7, 1896, said Clementine and Wesley S. Armstrong executed to Opal Armstrong, their grandson, a deed for the real estate in controversy, for which no money or other valuable consideration was paid. The grantee in said deed did not take possession thereunder, but the grantors remained in possession of said

real estate until the trial of this cause. After the execution of said mortgage said Clementine Armstrong had no property subject to execution except said real estate, and after the execution of said deed she had no property subject to execution. Said Clementine Armstrong has been since 1847 a married woman, the wife of her co-appellee, Wesley S. Armstrong. Said notes, deed and mortgage were all executed in Lawrence county, Indiana. The special finding states that Wesley S. Armstrong signed the notes executed in 1869, 1879, and 1881 as surety for his wife, but it is also found that the money loaned by appellant was used by him. It is not stated in the finding whether he signed the $2,000 note executed in 1896 as principal or surety.

The court stated as conclusions of law: (1) That the notes given by Clementine Armstrong to appellant were void; (2) that the notes being void, there was no consideration for said note and mortgage given to appellant; (3) that said note and mortgage, being without any consideration, are fraudulent and void as to appellees Boruff, Crooke, and Owen.

Appellant insists that under the law prior to 1881, in force when the original notes were executed, and at all times since, coverture was a personal defense, which is not available unless pleaded, and the party may plead or not, as she sees fit; but such defense is only available to her and her privies in blood, representation, or estate, citing *Aetna Ins. Co.* v. *Baker*, 71 Ind. 102, 113, 114; *Bennett* v. *Mattingly*, 110 Ind. 197, 200, 202; *Crooks, Aud.,* v. *Kennett*, 111 Ind. 347, 349; *Ellis* v. *Baker*, 116 Ind. 408, 411, 412; *Miller, Ex.,* v. *Shields*, 124 Ind. 166; *Johnson* v. *Jouchert*, 124 Ind. 105; *Plaut* v. *Storey*, 131 Ind. 46, 51. See 10 Enc. of Pl. & Pr. 270, 272. That Mrs. Armstrong has not plead her coverture as against appellant's note and mortgage, or otherwise sought to avoid the same, and appellees Boruff, Crooke, and Owen cannot do so, because they are neither her privies in blood, representation, or estate. Appellees Boruff, Crooke, and Owen admit the rule to be as stated since September 19,

1881, when the act enlarging the rights of married women took effect, sections 6960, 6970 Burns 1894, sections 5115, 5125 Horner 1897, but insist that prior to that date the contracts of married women, except as to her separate estate, were wholly and absolutely void; and third persons not privies in blood, representation or estate could take advantage thereof; that the original notes executed by Mrs. Armstrong in 1869 and 1879 were absolutely void, and for this reason the note and mortgage executed by her, after the rights of married women were enlarged, were without any consideration whatever.

It is clear from the facts found that the notes executed in 1869, 1879, 1881, and the note for $2,000 executed in 1896, by Mrs. Armstrong and her husband, were valid and binding obligations of the husband, even if the same were voidable, or even void, as to her, and she could have successfully set up her coverture as a defense thereto. This is true whether he was the principal or only the surety of his wife on said notes. *Davis* v. *Statts*, 43 Ind. 103, and authorities cited; Brandt on Suretyship, section 153. It is equally true, as insisted by said appellees Boruff, Crooke, and Owen, that under the law as declared by this court, said original notes, having been executed prior to the act of 1881, as to Mrs. Armstrong, were void; and if, after their execution, she had become a *feme sole* by divorce, or by the death of her husband, any contract made by her to pay said notes, or any new note executed by her in consideration of her liability on the said original notes, would have been without consideration; she could only be bound by a new contract based upon a new and sufficient consideration, the same as if she had never executed the original notes. *Maher* v. *Martin*, 43 Ind. 314, and authorities cited; *Putnam* v. *Tennyson*, 50 Ind. 456; *Thomas* v. *Passage*, 54 Ind. 106; *Long* v. *Brown*, 66 Ind. 160, 162; *Austin* v. *Davis*, 128 Ind. 472, 477; *Keadle, Adm.,* v. *Siddens*, 5 Ind. App. 8, 13, and cases cited; Tiffany's Persons & Dom. Rel. section 62; Clark on Cont. pp.

202, 203, and cases cited in note 174. The rule would be the same regardless of whether such contract or note, given in consideration of her liability on said original notes, was executed before or after the taking effect of the act of 1881, enlarging the rights of married women. It does not follow, however, that the note for $2,000 and the mortgage securing the same were executed by her without consideration. Her liability on said note and mortgage is, as we have heretofore stated, to be tested by the same rules as if she had never signed the original notes or been a party thereto. The contract of Mrs. Armstrong in the execution of the $2,000 note and the mortgage securing the same was either that of principal or surety. The relation of suretyship is fixed by the arrangement and equities between the debtors, and is determined by inquiring who received the consideration of the contract, or who, according to the arrangements between the parties, ought to pay the debt. *Porter* v. *Waltz*, 108 Ind. 40, 42; *Sefton* v. *Hargett*, 113 Ind. 592, 595; *Vogel* v. *Leichner*, 102 Ind. 55, 60, 61, and cases cited; *Noland* v. *State, ex. rel.*, 115 Ind. 529, 552; *McCoy* v. *Barns*, 136 Ind. 378, 381, and cases cited; *Johnson* v. *Jouchert*, 124 Ind. 105, 108.

In *Vogel* v. *Leichner*, 102 Ind. 55, p. 60, this court said: "That the husband and wife both appeared on the face of the papers to be principals, or that the parties dealt on the basis that both were principals, is of no consequence; the wife had no power to deal as principal if in fact she was surety. Whether she was principal or surety will be determined not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive either in person or in benefit to her estate, or did she so receive, the consideration upon which the contract rests?" Tested by this rule, the contract of Mrs. Armstrong in the execution of said note and mortgage was one of suretyship. The consideration for the note for $2,000, executed in 1896, was the principal and interest of the notes executed in 1881 in renewal of the original notes, which consideration was suf-

ficient to support said note as against the husband; and, Mrs. Armstrong having signed said note at the time of its execution, it was not without consideration as to her, for the reason that the consideration moving to the husband was sufficient to support said note against all who executed the note with him. *Eppert* v. *Hall*, 133 Ind. 417, 419. As the mortgage was executed contemporaneously with the note and as a part of the same transaction, the consideration sustaining the note was sufficient to sustain the mortgage. *Davidson* v. *King*, 51 Ind. 224, 227, 228, and authorities cited; *Henderson* v. *Rice*, 1 Coldw. (Tenn.) 223. The right to defend against said note and mortgage, or to avoid the same, on the ground of her coverture, depends, therefore, upon the law in force when the same was executed.

It is not necessary, therefore, to determine whether or not contracts of a married woman, executed prior to the act of 1881, could be avoided by third persons on the ground of coverture, as insisted by appellees Boruff, Cooke, and Owen, or whether that right was confined to her and her privies in blood, representation, and estate. Since said act of 1881 enlarging the rights of married women took effect, their right to contract is the same as if unmarried, except as prohibited by said act. *Miller, Ex.*, v. *Shields*, 124 Ind. 166, and cases cited; *Haynes* v. *Nowlin*, 129 Ind. 581, 585, and cases cited; *Vogel* v. *Leichner*, 102 Ind. 55, 58, 59. It is provided in section 6964 Burns 1894, section 5119 Horner 1897, being section 4 of the act of 1881, that "a married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void." It is only by virtue of said section that the coverture of Mrs. Armstrong can be set up to avoid said note and mortgage. It has been uniformly held by this court since said section took effect that contracts of suretyship made by married women are voidable, not void; that coverture is a personal defense; and therefore such contracts can only be avoided by such married woman, and her

privies in blood, or representation. *Plaut* v. *Storey*, 131 Ind. 46, 51, and cases cited; *Johnson* v. *Jouchert*, 124 Ind. 105; *Bennett* v. *Mattingly*, 110 Ind. 197, 199, 203, and cases cited; *Heal* v. *Niagara Oil Co.*, 150 Ind. 483, 485. Privies in estate of a married woman may also, under certain circumstances, avoid her contracts of suretyship. *Johnson* v. *Jouchert, supra,* pp. 111-113, and authorities cited; *Crooks* v. *Kennett*, 111 Ind. 347, and cases cited. Appellees Boruff, Crooke, and Owen are neither privies in blood, representation, nor estate of Mrs. Armstrong, and therefore cannot avail themselves of the defense of coverture given her by statute to avoid said mortgage. *Plaut* v. *Storey, supra,* p. 51.

It follows from what we have said and the authorities cited, (1) That the original notes, while void as to Mrs. Armstrong, were valid and binding upon her husband. (2) That the note for $2,000 and the mortgage securing the same, were not given without any consideration, but were given for a consideration sufficient to support the same as against Mrs. Armstrong and her husband. (3) That, while said note and mortgage may be voidable by Mrs. Armstrong on the ground of coverture, said appellees Boruff, Crooke and Owen are not in a position to take advantage of her coverture, and said note and mortgage are, therefore, valid as to them, they being third parties thereto. The court erred, therefore, in its conclusions of law.

The judgment setting aside appellant's mortgage and ordering the sale of said real estate free from the lien thereof, is therefore reversed, with instructions to the court below to restate its conclusions of law in accordance with this opinion, and render judgment in favor of appellant accordingly, and that said real estate be sold subject to the lien of appellant's mortgage.