## ANDRYSIAK *v.* SATKOSKI.

[No. 19,814.  Filed May 13, 1902.  Rehearing denied November 21, 1902.]

APPEAL AND ERROR.—*Bill of Exceptions.*— *Instructions.*—Instructions given or refused can not be presented on appeal, under §638a Burns 1901, by an original bill of exceptions. *p. 429.*

SAME.—*Instructions.*—Instructions given or refused can not be considered on appeal, when they only appear in the record as a part of the motion for a new trial. *p. 430.*

HUSBAND AND WIFE.—*Suretyship of Wife.*—*Bills and Notes.*—A wife joined with her husband in the execution of a mortgage upon the husband's real estate to secure certain notes given for the balance of purchase-money thereof. Thereafter the husband and wife executed a note and the proceeds thereof were applied to the payment of one of the purchase-money notes so secured. *Held,* in an action on the latter note, that the wife was surety. *p. 430.*

SAME.—*Suretyship of .Wife.*—*Bills and Notes.*—*Inchoate Interest of Wife.* —The fact that a wife had an inchoate interest in real estate does not make her the principal on a note given by her and her husband, the proceeds of which were applied to the payment of her husband's note secured by a mortgage on the real estate. *p. 431.*

From Laporte Superior Court; *J. C. Richter*, Special Judge.

Action by William Satkoski against Franceska Andrysiak and others on a promissory note. From a judgment for plaintiff, defendant Franceska Andrysiak appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*M. F. Krueger*, for appellant.
*C. R. Collins* and *J. B. Collins*, for appellee.

MONKS, J.—Appellee brought this action against appellant and others on a promissory note executed by appellant

and another. The complaint did not disclose the fact that appellant was a married woman. Appellant filed an answer alleging that "she was a married woman when the promissory note sued upon was executed, and that she executed the same as the surety of her husband, and not otherwise, and that she received no part of the consideration therefor, but the same was executed solely to secure her said husband's debt." A trial of said cause resulted in a verdict in favor of appellee, and, over a motion for a new trial, judgment was rendered on the verdict. The motion for a new trial assigns as causes therefor: (1) The court erred in instructing the jury to return a verdict in favor of the plaintiff; (2) the court erred in refusing to give to the jury each of the instructions requested by the defendant; (3) that the verdict of the jury is not sustained by sufficient evidence; (4) that the verdict is contrary to law.

It is first insisted by appellee that the instructions given and those refused are not properly before us for consideration. This insistence of appellee is correct. The motion for a new trial contains instructions requested by appellant, and one given by the court; and the original bill of exceptions, certified to this court under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901), contains an instruction given, and instructions requested by appellant and refused. It has been uniformly held by this court that only the evidence given and offered in a cause, and "the rulings of the court in respect to the admission and rejection of evidence, and the competency of witnesses, and the objections and exceptions thereto," can be presented to this court on appeal by an original bill of exceptions, under the act of 1897, *supra,* and that instructions given or requested, although contained in such original bill, can not be considered on appeal. *Adams* v. *State,* 156 Ind. 596, 604, and cases cited; *Maynard* v. *Waidlich,* 156 Ind. 562, 566; Ewbank's Manual, §35.

Neither will instructions given or refused be considered on appeal when they only appear in the record as a part of the motion for a new trial. *Thompson* v. *Thompson,* 156 Ind. 276, 278, and cases cited; Ewbank's Manual, §28.

The evidence shows that Lorenz Andrysiak, husband of appellant, purchased real estate in Laporte county, Indiana, which was conveyed to him by deed. At the time of the execution of the deed, he and appellant, his wife, executed a mortgage on said real estate to secure two promissory notes for $300 each, executed by said Lorenz for the unpaid purchase money. Afterwards, said Lorenz and appellant, his wife, executed the note sued upon, for $300, to appellee, and the $300 obtained on said note from appellee was paid on one of the $300 notes given for the purchase money of said real estate.

The relation of suretyship is fixed by the arrangement and equities between the debtors, and is determined by inquiring who received the consideration of the contract, either in person, or in benefit to his or her estate. *Lackey* v. *Boruff,* 152 Ind. 371, 376, and cases cited; *Field* v. *Noblett,* 154 Ind. 357, 360, and cases cited. In *Lackey* v. *Boruff, supra,* the court quoted with approval the following from *Vogel* v. *Leichner,* 102 Ind. 55, 60: "That the husband and wife both appeared on the face of the papers to be principals, or that the parties dealt on the basis that both were principals, is of no consequence. The wife had no power to deal as principal if in fact she was surety. Whether she was principal or surety will be determined, not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry, was the wife to receive, either in person or in benefit to her estate, or did she so receive, the consideration upon which the contract rests?"

Tested by this rule, the contract of appellant, in the execution of said $300 note to appellee, was one of suretyship. She did not receive the benefit of the consideration of said

Andrysiak *v.* Satkoski.

promissory note, either in person or in benefit to her estate. The money loaned by appellee on said note was used to pay the debt of appellant's husband, and he received in person and in benefit to his estate, the consideration upon which the promissory note rests.

The fact that appellant had an inchoate interest in the real estate released from the lien of a mortgage by the payment of said money does not bring the case within the rule declared by this court in *Fitzpatrick* v. *Papa,* 89 Ind. 17. In that case the husband and wife, after the taking effect of the act of 1879 (Acts 1879, p. 160) which prohibited a married woman from encumbering her property as security for a debt of her husband, executed a mortgage on real estate, the separate property of the wife, to secure a promissory note, the consideration of which was the release of a subsisting lien on the wife's said real estate. It was correctly held that a married woman who executed a mortgage on her separate real estate, to secure the release of a valid lien thereon, can not escape the consequences of her act upon the ground that the mortgage was executed to secure the debt of her husband. In such case the benefit moves to her, for it relieves her property from a burden. *Lackey* v. *Boruff,* 152 Ind. 371, 376.

It follows that the verdict of the jury is contrary to law. Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

## On Petition for Rehearing.

Monks, J.—Appellee urges in his petition for a rehearing that the court erred in holding that the use of the money procured on the note sued upon to pay the mortgage on her husband's real estate executed to secure his individual debt, did not make appellant a principal on said note.

It has been held by this court that when a wife joins her husband in executing a mortgage on his real estate to secure his individual debt, her contract is not one of suretyship so far as her inchoate interest in said real estate is concerned, within the meaning of our statute, and that said mortgage is a lien on her said inchoate interest, and may be foreclosed against her. *Cupp* v. *Campbell,* 103 Ind. 213, 216, and cases cited.

If a wife cannot protect her inchoate interest in the land of her husband against the foreclosure of a mortgage executed by him and her on such land to secure his individual debt, on the ground of suretyship, as held in the case last cited, it is clear that the use of the consideration of a note executed by them to pay and satisfy such debt and mortgage will not, of itself, be sufficient to make her principal on such note.

It necessarily follows, therefore, that the use of the consideration of the note sued upon to pay the mortgage executed by appellant and her husband on his real estate to secure his individual debt was not for the benefit of her estate, and did not make her a principal on the note sued upon. To hold that such use of the money made appellant principal on the note sued upon would be in conflict with the rule declared in *Cupp* v. *Campbell, supra,* and the cases there cited.

Petition denied.