THOMPSON ET AL. *v.* NEILL ET AL.

[No. 17,017.   Filed May 3, 1943.]

*Paul Haywood,* of Bloomfield, for appellants.
*Will R. Vosloh,* of Bloomfield, for appellees.

CRUMPACKER, J.—At the time of and prior to the occurrence of the matters giving rise to this litigation, the appellants and the appellees Neill and Neill were the owners of adjoining farm lands in Greene County. The Neill farm was under lease to the appellee McIntosh for the purpose of raising corn thereon on a crop sharing basis. On or about the 18th day of September, 1941, the appellants turned certain cattle and hogs onto their said land to pasture which resulted in their straying into appellees' corn field and doing damage thereto. The appellees brought this suit to recover such damages and asked that a temporary restraining order issue enjoining the appellants from permitting their said livestock to pasture in said corn field and that upon final hearing such injunction be made permanent. No hearing on appellees' application for a temporary restraining order was ever had and none was ever issued and before trial they amended their complaint by striking out the prayer therefore. The appellants by an answer in three paragraphs defended upon the theory that prior to the acts complained of they made an agreement with the appellees Neill and Neill whereby a partition fence between their respective farms was to be built, part by them and part by said appellees. That they built their

portion of the fence but the Neills failed to build theirs and, after the lapse of a reasonable time from the date of said agreement, they turned certain livestock onto their own land to pasture. That some of said stock crossed the line between the two farms at a place where the appellees Neill and Neill had agreed to ·build the fence but were driven back by the appellants as soon as such trespass was discovered.

Trial was to the court with a jury impaneled to find the facts in an advisory capacity only. The court adopted the facts so found as its own, stated conclusions of law thereon favorable to the appellees and entered the following judgment: "It is therefore considered and adjudged by the court that the plaintiff is entitled to the sum of $150.00 and that a permanent injunction should be issued." It occurs to us that this partakes more of the nature of legal conclusions on facts found than it does of a final judgment. It states that the plaintiff "is entitled" to recover $150.00 but fails to adjudge that he *shall* recover, nor does it state from whom such recovery shall be had. There were three plaintiffs and two defendants below and one might reasonably enquire which plaintiff "is entitled" to recover from which defendant. There is an adjudication that a permanent injunction "should be issued" but there is no language in the decree that actually enjoins anyone from doing any particular thing.

Section 2-2517, Burns' 1933, § 389, Baldwin's 1934 provides as follows: "The judgment must be entered on the order-book, and specify clearly the relief granted or other determination of the action."

For the reasons above stated we are of the opinion that the judgment herein does not specify clearly the relief the trial court sought to grant. We are aware of those cases holding that in the absence of a motion

in the court below to correct or modify a judgment, as is the fact in this case, on appeal such judgment will be affirmed as to *form.* *Wood* v. *Hughes* (1894), 138 Ind. 179, 37 N. E. 588; *Heal* v. *Niagara Oil Company* (1898), 150 Ind. 483, 50 N. E. 482; *Dederick* v. *Brandt* (1896), 16 Ind. App. 264, 44 N. E. 1010; *Shroyer* v. *Campbell* (1903), 31 Ind. App. 83, 67 N. E. 193. The defects in the instant judgment, however, go far beyond a matter of form. They make it so indefinite and uncertain that it amounts to no judgment at all.

There being no final judgment in the matter, the Greene Circuit Court still retains jurisdiction to make such disposition of the cause as meets the requirements of the law.

Appeal dismissed.

NOTE.—Reported in 48 N. E. (2d) 175.