Crooks, Auditor, v. Kennett.

No. 13,705.

CROOKS, AUDITOR, v. KENNETT.

MARRIED WOMAN.—*Separate Real Estate.*—*Mortgage Executed Upon to Secure Debt of Another.*—A mortgage executed by a married woman upon her separate real estate to secure the debt of her husband or others is invalid, and can not be enforced.

HUSBAND AND WIFE.—*Tenants by Entireties.*—*Mortgage by to Secure Debt of Husband or Others.*—A mortgage executed by a husband and wife upon real estate owned by them as tenants by entireties, to secure the payment of a debt due from the husband or others, is invalid, both as to the husband and wife.

SAME.—*Coverture a Personal Defence.*—*Not Available for Third Parties.*—*Mortgage.*—*Grantor and Grantee.*—Coverture is a personal defence, of which third parties can not avail themselves for their own benefit, and where a husband and wife mortgage real estate, and afterwards sell it, the grantee can not avail himself of the defence against the mortgage that it was executed to secure the payment of a debt due from the husband alone, and that at the time of its execution the husband and wife owned the real estate as tenants by entireties.

SAME.—*Cancellation of Mortgage.*—Where a husband and wife, owning real estate as tenants by entireties, sell and convey the same, their grantee can not maintain an action against one holding a prior mortgage thereon executed by such husband and wife to secure a debt of the husband, to have his title quieted and such mortgage cancelled on account of such facts, notwithstanding an averment in his complaint that such mortgagee recognizes and admits that the mortgage is void, and refuses either to cancel or to bring an action for its foreclosure.

SCHOOL FUND MORTGAGE.—*Action to Set Aside.*—*County Auditor Not Proper Party.*—In an action to set aside and cancel a mortgage executed to the State, to secure a loan from the school fund, the county auditor is not a proper defendant, and a judgment against such officer in such action will not bind the State, it not being a party.

*Semble,* that the State can not be made a party to such an action.

From the Hamilton Circuit Court.

*W. S. Christian* and *J. W. Christian,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee

ZOLLARS, C. J.—Appellee brought this action against appellant as the auditor of the county, to have his title to

the land described in the complaint quieted as against a school fund mortgage.

The facts stated in the complaint, so far as they are material here, are that the real estate was owned by Eunice Jackson and Joel C. Jackson, husband and wife, as tenants by entireties; that, on the 19th day of October, 1883, the husband borrowed $300 of the school fund, and to secure the repayment of the same, he and his wife executed a mortgage upon the real estate, payable to the State, which mortgage was properly recorded; that, in 1886, after the mortgage had been so recorded, appellee purchased the real estate from the Jacksons, paying full value, and received from them a deed for the same with covenants of warranty; that, at the time the purchase was made, the mortgage had become due by reason of the non-payment of interest for two years; that the Jacksons refused to convey the real estate to appellee subject to the mortgage, or to pay the same, or to allow appellee to pay the same, for the reason, as claimed by them, that the mortgage was void; that, although the interest was, and is due upon the mortgage as above stated, by reason of which it was the duty of the auditor to make an effort to collect, by foreclosing the mortgage, he has refused, and still refuses, to institute such proceedings, upon the ground that the mortgage is void, and the borrower, Joel C. Jackson, is insolvent; that the auditor also refuses to cancel the mortgage, and that, although void, it is a cloud upon appellee's title.

The court below overruled a demurrer to the complaint, rendered judgment quieting the title to the real estate, as against the mortgage and all claims under it, in behalf of the auditor and his successors in office, and directing the clerk to cancel and discharge the mortgage of record.

Did the court below err in overruling the demurrer to the complaint?

These propositions are settled as the law of this State, under the statutes in force since 1881:

1st. A mortgage executed by a married woman upon her separate real estate to secure the debt of her husband or others, is invalid and can not be enforced.

2d. A mortgage executed by a husband and wife upon real estate owned by them by entireties, to secure the payment of a debt due from the husband or others, is invalid, both as to the husband and wife. *Vogel* v. *Leichner*, 102 Ind. 55; *McLead* v. *Ætna Life Ins. Co.*, 107 Ind. 394; *Dodge* v. *Kinzy*, 101 Ind. 102; *Cupp* v. *Campbell*, 103 Ind. 213; *Engler* v. *Acker*, 106 Ind. 223; *Jones* v. *Ewing*, 107 Ind. 313.

3d. Coverture is a personal defence, of which third parties can not avail themselves for their own benefit; and, hence, where a husband and wife mortgage real estate and afterwards sell it, the grantee can not avail himself of the defence against the mortgage, that it was executed to secure the payment of a debt due from the husband alone, and that at the time it was executed the husband and wife owned the real estate as tenants by entireties. *Bennett* v. *Mattingly*, 110 Ind. 197; *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102.

These rulings, we think, very clearly apply to and govern the case in hearing. That appellee is not defending against the mortgage in an action to foreclose it, but is engaged in an aggressive move to have it declared void and cancelled of record, can not affect the application of the rules of law above stated.

Although plaintiff in the case, seeking affirmative relief, appellee is none the less seeking to overthrow the mortgage by a defence personal to one of his grantors, and of which he can not avail himself.

It is averred that at the time of the sale to appellee, the grantors, upon the claim that the mortgage was void, refused to sell the real estate subject to the mortgage, or to pay, or to allow appellee to pay it off and deduct the amount from the purchase-money; and that, although the mortgage was due, by reason of default in the payment of interest, the auditor, admitting that it was void, had refused to cancel it,

Crooks, Auditor, *v.* Kennett.

or to institute any proceeding to collect the amount due upon it. Admitting the facts so pleaded to be true, as the demurrer does, we are unable to see how they can enlarge the rights on the part of appellee to overthrow the mortgage, beyond what they would have been in the absence of such facts. The mortgage is payable to the State, and the amount due upon it is in no sense the property of the county auditor. Neither his judgment, nor his admissions, as to the validity of the mortgage, nor his laches in collecting, or attempting to collect the amount due upon it, can affect the rights of the State.

Nor can the claim on the part of the grantors before the sale, that the mortgage was void, and their refusal to allow appellee to pay it off and deduct the amount from the purchase-money, clothe him with means of overthrowing the mortgage which he would not have had in the absence of such claim and refusal.

The demurrer to the complaint should have been sustained.

We may observe, in passing, that it is not apparent to us how, in any event, this action could be maintained against the county auditor. He is not the party in interest. The mortgage is neither payable to nor owned by him ; it is payable to the State. The State is the party in interest. The county auditor had no authority to cancel the mortgage except upon payment. The rights of the State in and to the mortgage can not be cut off by the judgment of a court in an action of this kind to cancel the mortgage, the State not being a party. The State is not a party here, and we know of no statute authorizing a suit against the State in an action of this sort.

Appellee may be in a position to lose, but he purchased the real estate with full knowledge of all the facts, and was bound to take notice that he could not avail himself of a defence to overthrow the mortgage which was personal to his grantors.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to sustain appellant's demurrer to the complaint.

Filed June 28, 1887.