### HUNTER *v.* LIVINGSTON.

[No. 18,534. Filed February 8, 1955. Rehearing denied March 11, 1955. Transfer denied May 12, 1955.]

*James D. Lopp,* and *John D. Clouse,* of Evansville, for appellant.

*Robert D. Markel* and *Clifton L. Markel,* of Evansville, for appellee.

BOWEN, J.—This is an appeal from a judgment rendered in an action in which the appellant sought to recover damages against appellee for personal injuries allegedly caused by the willful and wanton misconduct of appellee while appellant was riding as a guest in appellee's automobile. Appellant and appellee are husband and wife. At the time of the. alleged accident in question they were unmarried. The accident occurred on December 16, 1952, appellant and appellee were married on January 28, 1953, and the present suit was filed on April 25, 1953.

In the court below the appellant filed her complaint alleging in substance that she entered the automobile of appellee and was being transported as a guest of appellee without payment therefor. That appellee negligently failed to close the door on the side of the right

front seat of such automobile where appellant was riding; that appellee started such automobile in a fast and sudden motion without notice or warning to appellant and turned the automobile to the left on a parkway and driveway of a restaurant, causing the appellant to be thrown against the door and side of such automobile and upon such driveway, thereby seriously, painfully and permanently injuring appellant. The complaint alleged that the acts were willfully and wantonly done; that appellant received severe cuts and permanent disfigurement.

To this complaint appellee filed a verified plea in abatement, setting forth the relationship of the parties, that they were unmarried on the date of the accident, and subsequently were married, and that they were husband and wife at the time the present cause of action was commenced. Appellant demurred to such plea in abatement, and in the memorandum thereof asserted that the fact of the subsequent marriage of the parties does not bar appellant from any cause of action she has, or had, against the appellee.

Oral argument was heard on appellant's demurrer to the appellee's answer in abatement, and the demurrer was overruled. The appellant was ruled to plead further to appellee's answer in abatement, appellant refused to plead further, and judgment was rendered for appellee on his answer in abatement that such action abate.

Appellant asserts error in the judgment and proceedings in the court below in that the court erred in overruling the demurrer of the appellant to the appellee's answer in abatement.

By her assignment of error the appellant has presented a most perplexing problem for the determination of this court. The proposition which we are called upon to decide is whether a wife has a cause of action against

her husband for a willful and wanton personal injury inflicted upon her prior to her marriage to such husband when the cause of action therefor is commenced subsequent to the marriage and during coverture. Difficulty arises because of the involution which exists in the recorded cases dealing with the rights and status of a married woman as against her husband as the rigid rule of common law, yielding to a more enlightened and humane civilization, has been changed by various judicial interpretations following the passage of the various so-called Married Woman's Acts. The consideration of this problem has resulted throughout the country in numerous cases of split decisions with rather strong and vehement language used by the proponents of the divergent views.

The majority view in the decided cases is that a married person does not have a cause of action against his or her spouse for a personal tort. In a substantial minority of states, the liability of a spouse to the other has been upheld.

A most exhaustive study of the present status of the majority and minority rule is to be found in the case of *Courtney* v. *Courtney* (1939), 184 Okla. 395, 87 P. 2d 660. A more recent case upholding the minority rule is *Taylor* v. *Patten* (Utah, 1954), 275 P. 2d 696.

Prior to the passages of the Married Woman's Act (Indiana has passed such an Act), Acts of 1879 (Spec. Sess.), ch. 67, §6, and §38-115, Burns' 1949 Replacement, the problem of tort suits between spouses did not present any real problem. The common law rule uniformly applied in all of the jurisdictions in this country and in England was, that a tort did not give rise to a cause of action in favor of the injured spouse. Such rule was based upon the unity of husband and wife and that the wife's individuality becomes merged in her

husband. However, in construing the effect of the Married Woman's Acts, now in force in most of the states of the country, there has arisen a persuasive minority of decisions which follow the dissent of Mr. Justice Harlan in *Thompson* v. *Thompson* (1910), 218 U. S. 611, 31 S. Ct. 111, 114, 54 L. ed. 1180, and approved by an almost unanimous expression of opinion of respected authorities and text writers which challenges the reason for the previous common law rule when considered in the light of the Married Woman's Acts. *Courtney* v. *Courtney, supra; Taylor* v. *Patten, supra;* Prosser on Torts, §99, p. 904; 43 Harv. L. Rev. 1030; 10 Cal. L. Rev. 461; 10 Ind. L. J. 290.

Our problem in the instant case is made more complicated by reason of the fact that the alleged injuries were not inflicted during coverture but prior to the time the parties were married.

The appellant prefaces his thesis on what he describes as the most "important authority that anyone could rely upon,"·the Constitution of Indiana, Art. 1, §12, which grants to everyone "for injury done to him in his person, property, or reputation, . . . remedy by due course of law," but the appellant's counsel admit that such general statement in the Constitution is not clearcut as to our problem in the instant case.

In considering the various phases of this problem, we must recognize that the practical complexities of the husband and wife relationship in many aspects transcend all man-made law or attempts to define or circumscribe the rights and duties arising out of it.

As to our specific problem in the instant case, this court in a two-paragraph opinion in *Blickenstaff* v. *Blickenstaff* (1929), 89 Ind. App. 529, 167 N. E. 146, held flatly that a married woman cannot sue her husband for personal injuries caused by his negligence,

citing cases including *Henneger* v. *Lomas* (1896), 145 Ind. 287, 289, 44 N. E. 462, 32 L. R. A. 848.

In *Henneger* v. *Lomas, supra,* the question arose on a ruling in the lower court sustaining a demurrer to a complaint brought by the wife against her husband for her seduction prior to the marriage. The Supreme Court reversed the judgment of the lower court sustaining the demurrer on the theory that since the plaintiff, a girl under sixteen, was legally incapacitated from contracting marriage and may have such marriage annulled on that ground unless she ratified the marriage after she arrived at the age of sixteen, that therefore, under the Statute there involved, §264, Burns' R. S. 1894, a woman who has been seduced and marries her seducer, and the court afterwards on her application, adjudges that her marriage was void, can, after such decree, bring and maintain an action against him for said seduction.

However, in such opinion our Supreme Court announced that a woman who has been seduced, and legally marries her seducer, and afterwards procures a divorce, cannot then maintain an action for damages against him. Such a holding under such circumstances seems sound, because, by reason of the nature of seduction, after marriage the results of such wrong are shortlived. However, the court then, in broad general language which has been subsequently followed, definitely maintained this state in line with the majority rule and this opinion holds that the common law rule that marriage extinguishes all rights of action in favor of the wife against the husband for ante-nuptial injuries to her person or character has not been abrogated in this state by the Married Woman's Acts. And the court went even further to say, that until this rule is annulled all rights of action for ante-nuptial wrongs

of the husband to the wife are extinguished by their marriage.

We are therefore bound by the declarations thus far made by the Supreme Court of this state. However, it seems that a re-examination of the cases and the reasons therefor by our Supreme Court might be beneficial to the jurisprudence of this state. In the very recent Utah case, *Taylor* v. *Patten, supra,* upholding the minority view, in discussing the Married Woman's Act, the court stated:

> "For the disability of the husband to sue his wife at common law comes from the same fiction that the two are identical indulged by the courts at common law which has now been removed by statute.
>
> This does not mean that a husband or wife can recover from the other for any unwanted caress, kiss, or other physical contact as sometimes claimed. The marriage relation is created by the consent of both of the parties; inherently within such relationship is the consent of both parties to physical contacts with the other, personal dealings and ways of living which would be unpermitted and in some cases unlawful as between other persons. The essential objects and purposes of marriage such as living together, creating a home and rearing a family are expected and consented to by husband and wife but would be unlawful and in some instances even criminal as between other persons. Under some circumstances such consent might be withdrawn and thereafter would not prevent civil liability occurring, but until that happens the ordinary dealings between husband and wife are with the consent of both and do not create liability between them. *However this does not mean that either husband or wife consents to intentionally inflicted serious personal injuries by the other."* (Our emphasis.)

Our courts have held that a married woman may maintain an action against her husband for injuries to

her property. *Crater* v. *Crater* (1889), 118 Ind. 521, 21 N. E. 290; *Pavy* v. *Pavy* (1951), 121 Ind. App. 194, 98 N. E. 2d 224; *Atkinson* v. *Atkinson*, 167 F. 2d 793 (CCA 7th, 1948). However, our courts have taken the position that the common law rule is still in force, except that the statute gives the wife the right to sue alone in cases involving her property, and that the statute is silent as to injuries to person or character, *Hamm* v. *Romine* (1884), 98 Ind. 77; *Henneger* v. *Lomas, supra,* and, therefore, the remedy lies with the legislature, under the present status of the law in this state, with what appears to be a glaring inconsistency in that a wife is given the right to sue her husband for a broken promise involving property, and for a wrecked house belonging to her, but not for a broken arm nor a broken body. To make such a distinction renders the person of the wife in a marriage completely subjugated to the will of her husband, as far as civil liability is concerned, for willful and wanton injuries inflicted upon her person either before or during marriage, and that such injuries are of no concern or value when placed in the scales of justice alongside property rights. This seems to be inconsistent, inhumane, and contrary to the true spirit and intent of the acts passed for the emancipation of women in an enlightened civilization.

However, for the reasons given herein, we find ourselves without authority to reverse the judgment of the lower court that the action herein abate, and the same is hereby affirmed.

NOTE.—Reported in 123 N. E. 2d 912.