## HARY v. ARNEY ET AL.

[No. 18,887. Filed November 5, 1957. Rehearing denied December 6, 1957. Transfer denied January 16, 1958.]

*Harold J. Bitzegaio* and *Hansford C. Mann,* both of Terre Haute, for appellant.

*Gambill, Dudley, Cox, Phillips & Gambill,* of Terre Haute, for appellees.

ROYSE, J.—Appellant brought this action against appellees as representatives of "Kerman Grotto of the Mystic Order of Veiled Prophets of the Enchanted Realm," an unincorporated organization of persons associated together for fraternal, charitable and social purposes, for damages for personal injuries received as a result of appellees' negligence. Appellees answered the complaint in two paragraphs—the first of admission and denial under the rules; the second an answer in bar setting up as a defense the marriage status existing between appellant and Albert J. Hary, the latter being a member of defendant Association, which relationship was admitted by appellant in her answer to interrogatories submitted by appellees with their second paragraph of complaint. Although ruled to answer said second paragraph, appellant filed no reply. Appellees filed motion for judgment on the pleadings. Albert J. Hary, husband of appellant, filed his verified petition to be permitted to intervene, as a party defendant, and tendered answer admitting the allegations of appellant's complaint. Petition to intervene was overruled, and said Hary was denied permission to file answer. The trial court sustained appellees' motion for judgment on the pleadings.

It is agreed this action is one against all members of Kerman Grotto, etc. The real question presented

by this appeal is: Can the wife of a member of a voluntary unincorporated Association maintain an action for negligence against the membership for personal injuries when the husband refuses to assert the defense of coverture?

Appellant relies strongly on the case of *Damm* v. *Elyria Lodge, etc.* (1952), 158 Ohio St. 107, 107 N. E. 2d 337, which she says is the only case in the United States where a question analogous to that presented here has been passed upon. However, in our opinion that case cannot aid the appellant here. The Supreme Court of Ohio said:

"It must be conceded that the allegations of the petition do include the plaintiff's husband and all others similarly situated as defendants by representation."

The court then, after reviewing the statutes and Constitution of that State conferring upon married women rights forbidden them by the common law, held:

"All the statutory provisions evince a clear purpose to eliminate the barriers erected by the common law which denied to married women the right to prosecute actions for their sole benefit. No statute expressly prohibits actions by a wife to recover damages from her husband for personal injuries inflicted upon her by him. Such a statute would constitute an exception to the above-quoted statutes, for those provisions are in general terms and are all-inclusive in their purpose and have the effect of superseding the common-law doctrine of the legal identity of husband and wife. A complete change of policy is unmistakable and should not be disregarded."

This is not the law in this state.

There is another distinction in that case. There the husband did not waive the defense of coverture. In this case the husband unsuccessfully sought to inter-

vene as a party defendant and to file an answer admitting the allegations of appellant's complaint.

Among the cases relied upon by appellees is *Koogler et al.* v. *Koogler* (1933), 127 Ohio St. 57, 186 N. E. 725, where the plaintiff was a member of the Lodge he sued for a tort. The same is also true in the cases of *De Villars et al.* v. *Hessler et al.* (1950), 363 Pa. 498, 14 A. L. R. 2d 470, and *Hromek* v. *Gemeinde et al.* (1941), 238 Wis. 204, 298 N. W. 587. That fact clearly distinguishes those cases from the facts herein.

We have carefully examined the cases of *Caplan* v. *Caplan* (1935), 268 N. Y. 445, 101 A. L. R. 1223 (by a divided court), and *David* v. *David et al.* (1932), 161 Md. 532, 81 A. L. R. 1100. While there is language used in these cases which tends to support appellees' contention, they are based on a different factual situation and for the reasons hereinafter stated we do not accept them as a guide in the determination of this case.

In all civilized society marriage is recognized as creating a metaphysical entity. This has frequently been referred to as the fiction of the unity of husband and wife. Under the common law and even prior thereto the wife became in fact the subservient subject of the husband whose duty it was to provide for her wants and protect her from harm. She could not own property, sue or be sued in her own name. Those restrictions were believed necessary to protect and preserve the home which was and is the basic unit of our civilization.

Modern recognition that the metaphysical entity is composed of two individuals who have or should have equal rights, duties and obligations, resulted in the enactment of so-called Married Women's Acts under which most of those restrictions have been removed and

married women today generally enjoy equal civil rights with the husband.

It is well settled in this State that the Married Women's Acts have not abrogated the common law rule that marriage extinguishes all rights of action in favor of the wife against her husband. *Henneger* v. *Lomas* (1896), 145 Ind. 587, 44 N. E. 462; *Blickenstaff* v. *Blickenstaff* (1929), 89 Ind. App. 529, 167 N. E. 146; *Hunter* v. *Livingston* (1955), 125 Ind. App. 422, 123 N. E. 2d 912 (Transfer denied). However, that is a right that, by its very nature, is personal to the husband and hence third parties such as appellees may not assert it for their own defense. *Bennett et al.* v. *Mattingly* (1886), 110 Ind. 197, 10 N. E. 299, 11 N. E. 792; *Crooks, Auditor* v. *Kennett* (1887), 111 Ind. 347, 349, 12 N. E. 715; *Lackey* v. *Boruff et al.* (1898), 152 Ind. 371, 377, 378, 53 N. E. 412.

While the foregoing cases involved contracts and were not tort actions, we believe the principle involved is applicable here.

For the reasons stated herein, the judgment is reversed.

NOTE.—Reported in 145 N. E. 2d 575.