**Kathleen Lee LYNN, Plaintiff,**

v.

**Thomas F. GASKINS, Defendant.**

**Civ. No. 1403.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

Jan. 15, 1963.

Charles R. LeMaster, Fort Wayne, Ind., for plaintiff.

J. Philip Burt, Fort Wayne, Ind., for defendant.

ESCHBACH, District Judge.

The captioned matter is now before the Court on defendant's Motion for Summary Judgment. The Court's jurisdiction of the instant action is based upon diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C.A. § 1332. Plaintiff seeks to recover in the instant action for personal injuries allegedly sustained as the result of intentional torts committed upon her by defendant, her former husband, during their marriage. The instant action is brought subsequent to their divorce. The parties agree that it is the law of the State of Indiana, where the alleged harm occurred, which the Court must apply to the substantive aspects of the instant action in conformity with Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The precise legal question presented by the instant motion therefore, is whether plaintiff may under Indiana law maintain an action subsequent to divorce for torts committed upon her person during marriage by her then husband.

It is well settled that at common law, spouses had no cause of action for intentional torts committed upon each other's person. 41 C.J.S. Husband and Wife § 396; 27 Am.Jur. Husband and Wife § 589. Moreover, this rule is followed in Indiana notwithstanding the Married Woman's Act (Ind.Stat.Ann. §§ 38–101 – 38–126 (Burns' 1949 Repl.)). Henneger v. Lomas, 145 Ind. 287, 44 N.E. 462, 32 L.R.A. 848 (1895). Blickenstaff v. Blickenstaff, 89 Ind.App. 529, 167 N.E. 146 (1929); Hunter v. Livingston, 125 Ind.App. 422, 123 N.E.2d 912 (1955); Hary v. Arney, 128 Ind.App. 174, 145 N.E.2d 575 (1957). However, the Indiana courts have never been confronted with a situation such as that presented by the instant action, where the suit is brought subsequent to a divorce for torts committed during the marriage. Nevertheless, the common law, along with the present majority rule, is clear that a post-divorce suit by the former spouse for a tort committed upon his person during the marriage by the other spouse will not lie. 27A. C.J.S. Divorce § 179; 27 Am.Jur. Husband and Wife § 594; 43 A.L.R.2d 632, 645.

Therefore, in view of the settled common law rule and the uniform adherence of the Indiana courts to the common law principles—though not without criticism (see Hunter v. Livingston, supra)—in distinguishable but related situations, this Court can only conclude that an Indiana court would adhere to the common law principle if confronted by the situation here presented. This Court cannot hold in the face of the above-cited Indiana cases denying rights of action to spouses for antenuptial torts and for torts committed during the marriage that a post-divorce suit may be maintained by a spouse for torts committed during the marital relation.

Therefore, defendant's Motion for Summary Judgment is now granted and judgment is now entered for defendant, Thomas F. Gaskins, with costs to be taxed to neither party.