**Dorothy LAYNE, Appellant,**

v.

**Fred LAYNE, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

W. R. Patterson, Jr., Landrum, White & Patterson, Lexington, Rice & Van Stone, Evansville, Ind., for appellant.

Thomas H. Burnett, Hurst & Burnett, Lexington, for appellee.

MONTGOMERY, Judge.

Dorothy Layne appeals from an order dismissing her complaint against Fred Layne, her husband. The order was based on Wessling v. Paris, Ky., 417 S.W.2d 259. In the opinion of the trial court it was recognized that it is against the public policy of Indiana for a wife to maintain a tort action against her husband.

The appellant and appellee have been married twenty-two years and are residents of Evansville, Indiana, where appellee is presently employed.

On June 21, 1966, the Laynes, accompanied by some relatives, started on an automobile trip from Evansville to Pikeville, Kentucky. While appellee was driving, his car collided with the car of Pamela Rose Standafer near Lexington in Fayette County, Kentucky. As a passenger in appellee's car, appellant sued to recover damages for injuries claimed to have been suffered by

her in the collision. Other matters concerning this and related litigation are yet to be determined in the Fayette Circuit Court.

It is agreed by the parties that the local law of Indiana, the state of their residence, is that the marriage extinguishes all rights of action in favor of the wife against the husband, Hary v. Arney, 128 Ind.App. 174, 145 N.E.2d 575, and that the local law of Kentucky does not recognize such interspousal immunity. Brown v. Gosser, Ky., 262 S.W.2d 480, 43 A.L.R.2d 626.

The question is whether the Indiana law or the Kentucky law should apply in this case. The answer is that the Kentucky law will be applied. The reasoning is supplied in Arnett v. Thompson, Ky., 433 S.W. 2d 109 (decided June 21, 1968). The Arnett case is on all fours with this case. The only difference is that the parties there were residents of Ohio, which also has the interspousal immunity doctrine. In accord with Arnett, the complaint of appellant should not have been dismissed on the ground stated. Wessling does not control.

Judgment reversed.

All concur.