HANNA *v.* HANNA

[No. 1267A108. Filed November 8, 1968. No Petition for Rehearing filed.]

*Stanley H. Smith, Robinson, Smith & Wiles,* of Indianapolis, and *William O. Schreckengast, Kitley, Schreckengast & Davis,* of Beech Grove, for appellant.

*Howard De Trude, Jr., John T. Hume III* and *Kightlinger, Young, Gray & Hudson,* of counsel, and *Smith & Jones,* of counsel, of Indianapolis, for appellee.

SMITH, J.—This controversy involves the sole question of whether one spouse may sue another spouse for negligent tort under the laws of the State of Indiana.

Appellant's injuries arose as a result of his wife's (appellee herein) negligence in attempting to maneuver her vehicle into a parking space; this operation was directed by appellant who was standing on a sidewalk behind his wife's vehicle. Appellant motioned for appellee to move forward, but appellee placed her gear selection lever in the wrong position and overly accelerated, thereby causing her vehicle to suddenly reverse, whereupon it jumped the curb, pinning appellant between the rear bumper and a tree.

Appellant's complaint alleged that his wife, appellee, was negligent in failing to have and acquire sufficient knowledge of the instruments of her new vehicle affecting forward and rear motion of said vehicle so as to properly control her vehicle and also negligent in failing to apply her brakes in time or with sufficient force to prevent the impact and subsequent injury.

In response to the appellant's original complaint, the appellee filed a motion for summary judgment with an affidavit in support thereof. Appellant's motion for new trial urged as the sole issue and argument abrogation of the doctrine of interspousal immunity from negligent tort.

The doctrine of interspousal immunity for negligent tort is part of the common law, and, as such, became Indiana law upon the enactment of Burns' Ind. Stat., Sec. 1-101, which reads as follows:

"Law of state.—The law governing this state is declared to be:

"First. The Constitution of the United States and of this state.

"Second. All statutes of general assembly of the state in force, and not inconsistent with such constitutions.

"Third. All statutes of the United States, in force, and relating to subjects over which congress has power to legislate for the states, and not inconsistent with the Constitution of the United States.

"Fourth. *The common law of England, and statutes of the British Parliament made in aid thereof prior to the fourth year of the reign of James the First (except the second section of the sixth chapter of forty-third Elizabeth, the eighth chapter of thirteenth Elizabeth, and the ninth chapter of thirty-seventh Henry the Eighth), and which are of the general nature, not local to that kingdom, and not inconsistent with the first, second and third specifications of this section."* (Emphasis supplied.)

This court believes that the trial court was correct in sustaining appellee's motion for summary judgment. Our affirmance of this result is founded upon the sound reasoning of our courts first enunciated and subsequently adopted in this jurisdiction without interruption since 1885 in that Indiana adheres to the common law theory and, thus, does not allow an individual to sue his spouse in an action resulting from a negligent tort. Our Supreme Court in *Barnett v. Harshbarger, Administrator* (1885), 105 Ind. 410, provided the initial interpretation:

"The rule of the common law proceeds upon the theory that in legal contemplation *the husband and wife are one person, and not upon the theory that the wife is under a legal disability.* This is unquestionably the common law, and that is a part of the law of the State, so that it still prevails unless abrogated either by the express words of the statute or by necessary implication." (Emphasis supplied).

Our General Assembly modified the common law legal relationship between husband and wife with the enactment of The Married Women's Acts, Burns' Ind. Stat., Sec. 38-101 to 38-126, which now provide certain independent rights and disabilities as between spouses. The General Assembly, however, did not enact a statutory provision specifically stating that one spouse may sue another spouse for a negligent tort. The absence of any explicit statutory authority coupled with our long standing adherence to the common law precludes recovery in the case at bar. Indiana has, in fact, provided definite statutory exceptions which have abrogated

various common law principles of the husband-wife relationship, but in the absence of such statutory authority, this court is required to consider the husband and wife an entity in all remaining situations.

Our court has previously stated this rule in the case of *Hary v. Arney et al.* (1957), 128 Ind. App. 174, 145 N. E. 2d 575, wherein the court stated:

> "It is well settled in this State that the Married Women's Acts have not abrogated the common law rule that marriage extinguishes all rights of action in favor of the wife against her husband. *Henneger v. Lomas* (1896), 145 Ind. 587, 44 N.E. 462; *Blickenstaff v. Blickenstaff* (1929), 89 Ind. App. 529, 167 N. E. 476; *Hunter v. Livingston* (1955), 125 Ind. App. 422, 123 N. E. 2d 912 (transfer denied)."

The General Assembly in its wisdom has enacted certain statutes bearing on the husband-wife relationship, and, had our General Assembly desired to provide a remedy to a spouse when injured by the tortious act of a negligent spouse, it would have expressly done so. Further, this court believes that there is no provision within the statute so indefinite as to permit a contrary result based upon necessary implication or statutory interpretation.

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

Cook, P.J., not participating.

NOTE.—Reported in 241 N. E. 2d 376.