270 N.E.2d 338 (1971)
Patricia L. BROOKS, Appellant,
v.
Gene ROBINSON, Appellee.
No. 570A72.
Appellate Court of Indiana, Division No. 2.
June 15, 1971.
Rehearing Denied July 13, 1971.
*339 Earl C. Townsend, Jr., F. Boyd Hovde, Indianapolis, for appellant; Townsend, Hovde & Townsend, Indianapolis, of counsel.
James J. Stewart, Kent O. Stewart, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.
HOFFMAN, Chief Justice.
The issue presented by this appeal is: Does marriage extinguish a wife's right of action against her husband for his wilful and wanton injury to her person where the injury occurred and her suit was commenced prior to the marriage? The doctrine of interspousal immunity in tort actions is the law in Indiana and the answer is in the affirmative.
On January 6, 1964, plaintiff-appellant (Patricia L. Brooks) was injured while a guest passenger in an automobile driven by defendant-appellee (Gene Robinson). Brooks' original complaint for damages was filed on July 28, 1964. On June 8, 1969, Patricia Brooks and Gene Robinson were married. On January 15, 1970, the trial court sustained appellee's motion for summary judgment and entered an amended judgment thereon based upon the proposition that the marriage extinguished the tort claim of Brooks, i.e., the doctrine of interspousal immunity.
Brooks' motion to correct errors, while containing five paragraphs, asserted generally that the trial court erred in granting Robinson's motion for summary judgment and entering judgment thereon solely because the parties were husband and wife.
From the overruling of her motion to correct errors, Brooks perfected this appeal and has chosen to brief and argue that:
I. Interspousal immunity is inapplicable and will not bar this action.
II. There is no valid reason to allow interspousal immunity in any factual situation.
It is contended that the doctrine of interspousal immunity does not apply to the instant case because both the injury and filing of suit occurred prior to the marriage. Our research fails to disclose a case in Indiana wherein both the injury and commencement of the action occurred prior to the marriage. However, it does not necessarily follow that the doctrine is inapplicable or that its application to such facts is an extension of the doctrine. To the contrary, it is well settled in this State that marriage extinguishes all rights of action between the spouses for antenuptial injuries to person or character. Henneger v. Lomas (1896), 145 Ind. 287, 44 N.E. 462, 32 L.R.A. 848; Hanna v. Hanna (1968), 143 Ind. App. 490, 241 N.E.2d 376; Hary v. Arney, et al. (1958), 128 Ind. App. 174, 145 N.E.2d 575 (transfer denied); Hunter v. Livingston (1955), 125 Ind. App. 422, 123 N.E.2d 912 (transfer denied).
Inasmuch as all rights of action are extinguished on the date of marriage, the time of filing suit cannot affect the application of the doctrine. To accept Brooks' contention and use the date of filing suit *340 rather than the date of marriage would effectively abolish the doctrine as it exists in the State of Indiana. Such drastic action should be taken by the Legislature and not the courts.
Brooks cites In Re Estate of Pickens (1970), Ind., 263 N.E.2d 151, 23 Ind.Dec. 195, for the proposition that the unity theory, i.e., the husband and wife are one, no longer has any validity in the law of the State of Indiana. We agree that our Supreme Court in Pickens pointed to legislation[1] which has all but destroyed the unity concept. However, the mere fact that the unity theory no longer has validity does not give this court license to ignore all ruling precedent. This is especially true in light of the explicit pronouncement in Pickens wherein Judge Hunter, speaking for our Supreme Court, stated:
"There can be no question that the doctrine of interspousal immunity in tort actions is the law in Indiana." (263 N.E.2d at 153)
Counsel for the parties to this appeal, both in their briefs and at oral argument, have made excellent arguments with regard to public policy, reason and logic for and against the doctrine of interspousal immunity. Many legal writers favor abolishing the doctrine. See: Prosser Torts, § 116 at 883 (3d Ed., 1964); Comment, Interspousal Immunity in Indiana, 3 Ind. Legal F. 297 (1969).
Inasmuch as most deviations from the common law rule have been made by the Legislature via the Married Women's Acts[2] and in light of the recent pronouncement of legislative intent[3] this court is compelled to await an orderly abolition by the Legislature rather than ipso facto overruling many years of precedent without supplementing legislation to counteract the far-reaching consequences.
Rule TR. 17(D), Indiana Rules of Procedure, is as follows:
"Sex, marital and parental status. For the purposes of suing or being sued there shall be no distinction between men and women or between men and women because of marital or parental status; provided, however, that this subsection (D) shall not apply to actions in tort." (Emphasis supplied.)
The emphasized portion was not contained in the proposed final draft or the bill as introduced but was subsequently added prior to passage. Contrary to the contention of Brooks, there is a conclusion as to legislative intent to be drawn from such action, i.e., the Legislature considered the consequences and decided against abolishing interspousal immunity for torts.
There is currently much discussion and concern about the status and power of the judicial branch of government. Brooks would have us join with those who espouse the philosophy that the court should abandon stare decisis and the rule of precedent when, in its opinion, there is a social or political need for change. In fact, it is asserted that to await orderly change by the Legislature is tantamount to abandonment of judicial responsibility to decide cases on their merits. While we agree that an Appellate Court must be conservatively responsive to accepted legal trends, we cannot agree that the courts should in any respect presume to be a barometer of public opinion or the weathervane of social change. Separation of powers is a well-founded governmental concept, and this court has always guarded such separation.
It is conceivable that in the future the traditional concept of judicial review may evolve into something other than what it is today. It is obviously undergoing change. However, it is for the Legislature to establish the procedures for such change. The function of this court is to interpret the law and to lay down guidelines by which the lawyers and the trial courts of this State can make determinations on which they can depend. It would be an ill-fated system of jurisprudence if the law were only as dependable as the most current advance sheet.
Judgment affirmed.
STATON and WHITE, JJ., concur.
SHARP, J., concurs in result only.
NOTES
[1] IC 1971, 31-1-9-4, Ind. Ann. Stat., § 38-105, Burns' 1949 Repl.; Rule TR. 17(D), Indiana Rules of Procedure.
[2] IC 1971, 31-1-9-1, et seq., Ind. Ann. Stat., § 38-101, et seq., Burns' 1949 Repl., (1970 Cum.Supp.).
[3] Rule TR. 17(D), Indiana Rules of Procedure.